**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4170

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER BARAJAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-268)

Submitted:  September 28, 2005      Decided:  October 28, 2005

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alexander Barajas appeals the 91-month sentence imposed upon his guilty plea to conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, 21 U.S.C. §§ 841, 846 (2000). At sentencing, Barajas received a two-level enhancement for obstruction of justice, pursuant to United States Sentencing Guidelines Manual § 3C1.1 (2002), based on the district court's finding that Barajas gave conflicting testimony about a co-defendant's role in the offense. Barajas' base offense level was determined to be 26. See USSG § 2D1.1(c)(7). After applying the two-level enhancement referenced above, Barajas' total offense level was 28; with a criminal history category of I, the resulting guidelines range was 78-97 months imprisonment. Without the enhancement, the applicable range would have been 63-78 months imprisonment.

Barajas claims that the enhancement he received for obstruction of justice violated the decision announced by the Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004). Because Barajas did not raise this issue at sentencing, his argument is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the "Sixth Amendment is violated when a

- 2 -

district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." 125 S. Ct. at 746. The Court remedied this constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57.

In Hughes, this court found that Hughes' sentence exceeded the maximum sentence authorized by the facts found by the jury alone, in violation of Booker. Hughes, 401 F.3d at 547. Under plain error review, this court found there was error, the error was plain, and the error affected Hughes' substantial rights. Id. at 549. Here, Barajas' offense level was increased by two levels based on the court's determination that his conflicting statements about his co-defendant's level of responsibility constituted obstruction of justice within the meaning of USSG § 3C1.1. Without this increase, his total offense level would have been 26, resulting in a sentencing range of 63 to 78 months. We find that this constitutes plain error and warrants vacating and remanding for resentencing. Hughes, 401 F.3d at 555-56.[1] Therefore, we

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Barajas' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

vacate Barajas' sentence and remand for resentencing.[2]  Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Id.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]Because we find that resentencing is warranted due to the erroneous two-level enhancement Barajas received for obstruction of justice, we have not addressed his remaining claims challenging the district court's denial of a reduction for acceptance of responsibility or its finding that he did not qualify for the safety valve reduction.  See Hughes, 401 F.3d at 556 n.15.

- 4 -