**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4301

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER BARAJAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (1:03-cr-00268-FWB-AL)

Submitted:  September 29, 2006          Decided:  October 17, 2006

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alexander Barajas was sentenced to ninety-one months imprisonment for conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2000). We affirmed his conviction, vacated the sentence, and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). See United States v. Barajas, No. 04-4170 (4th Cir. Oct. 28, 2005) (unpublished). On remand, the district court resentenced Barajas to eighty-four months imprisonment. Barajas again appeals, contending, first, that the district court erred in denying a minor role reduction, pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2005). A defendant's role in the offense is a factual question reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). The defendant has the burden to show that he is entitled to a minor role adjustment. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). The district court should examine the defendant's conduct relative to that of other defendants and to the elements of the offense of conviction. Id. The critical inquiry is whether the defendant's conduct is material or essential to the commission of the offense. Id. Because Barajas admitted that he agreed to drive a tractor-trailer containing over 370 kilograms of marijuana from Los Angeles to North Carolina, we find that the

- 2 -

district court's refusal to grant a minor role adjustment was not clearly erroneous.

Next, Barajas argues that the district court erred in refusing to apply the safety valve provision under 18 U.S.C. § 3553(f), USSG § 5C1.2. To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in USSG § 5C1.2(a)(1)-(5). The fifth criteria is that, by the time of sentencing, the defendant has truthfully provided to the Government all information and evidence in his possession concerning the offense. Here, Barajas provided conflicting information about the role of a co-defendant. The district court noted at Barajas' re-sentencing hearing that Barajas had provided false testimony at his co-defendant's sentencing hearing. Accordingly, we find that the district court did not clearly err in refusing to apply the safety valve reduction.

Finally, Barajas argues that his sentence is unreasonable. After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a). Id. If the sentence imposed is within the properly calculated guideline

range, it is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Here, the district court appropriately treated the guidelines as advisory and properly calculated and considered the guidelines range as well as the relevant factors under § 3553(a). Barajas' sentence is below the statutory maximum of forty years imprisonment. Barajas contends that the sentence was unreasonable because it was greater than necessary to achieve the congressional sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). However, his claims are not adequate to rebut the presumption that the sentence within the guidelines range is reasonable. <u>See</u> <u>Green</u>, 436 F.3d at 456-57. We conclude that the sentence imposed by the district court was reasonable.

Accordingly, we affirm Barajas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>